UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>            Plaintiff,<br><br>    v.<br><br>FREDERIC S. BAKER, et al.,<br><br>            Defendants.<br>_____ / | No. C 13-3266 JCS (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

This is a civil action filed by a *pro se* state prisoner. After review pursuant to 28 U.S.C. § 1915(e), the Court DISMISSES the complaint with leave to file an amended complaint on or before February 18, 2014.[1]

## DISCUSSION

**A.     Standard of Review**

In its initial review of this *pro se* complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.

---

[1] Plaintiff has consented to magistrate judge jurisdiction. The magistrate, then, has jurisdiction to issue this order, even though defendants have not been served or consented to magistrate jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prisoners action under 42 U.S.C. § 1983 as frivolous without consent of defendants because they had not been served and therefore were not parties).

§ 1915(e). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

**B.    Legal Claims**

Plaintiff alleges claims against his former attorney Frederic Baker, and against employees of the California State Bar Association. He alleges that Baker was an incompetent attorney who violated his right to the effective assistance of counsel. Plaintiff also alleges that the state bar employees denied his constitutional rights by ignoring the record of Baker's alleged misdeeds and by failing to discipline Baker in the way plaintiff wished.

The complaint will be dismissed for the following reasons. Baker, whether a private attorney or a public defender, is not liable under section 1983. Private actors are not liable under § 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Also, a state-appointed defense attorney "does not qualify as a state actor when engaged in his general representation of a criminal defendant." *Polk County v. Dodson*, 454 U.S. 312, 321 (1981). *Polk County* "noted, without deciding, that a public defender may act under color of state law while performing certain administrative [such as making hiring and firing decisions], and possibly investigative, functions." *Georgia v. McCollum*, 505 U.S. 42, 54 (1992) (citing *Polk County*, 454 U.S. at 325.) Under this standard, plaintiff's allegations fail to state a claim for relief under § 1983. Accordingly, the claims against Baker are DISMISSED with leave to amend.

1    This Court may not be the correct forum for plaintiff's claims against Baker.  In his
2 amended complaint, plaintiff must allege facts that state a claim for relief **and** that show that
3 this Court has jurisdiction over such claims.  Unlike state courts, "[f]ederal courts are courts
4 of limited jurisdiction.  They possess only that power authorized by Constitution and statute."
5 *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  The two main
6 classes of cases over which the federal courts have jurisdiction are those that present a
7 federal question, *see* 28 U.S.C. § 1331, and those in which the parties have diverse
8 citizenship and involve an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

9    His claims against the state bar will be dismissed <u>without</u> leave to amend.  First, the
10 "Eleventh Amendment's grant of sovereign immunity bars monetary relief from state
11 agencies such as California's Bar Association."  *Hirsh v. Justices of The Supreme Court of*
12 *The State of California*, 67 F.3d 708, 715 (9th Cir. 1995).  This immunity extends to
13 individuals performing the official functions of the state bar.  *Id.*  Second, this Court lacks
14 jurisdiction because the complaint fails to show an actual injury.  The jurisdiction of federal
15 courts, as defined by Article III of the Constitution, is limited to "cases" and "controversies."
16 *Flast v. Cohen*, 392 U.S. 83, 94 (1968).  One element of a case or controversy is standing.
17 To prove standing, the party invoking federal jurisdiction must demonstrate, among other
18 things, that he has suffered actual or imminent particularized harm and that a favorable
19 judicial decision would redress that harm.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555,
20 560-61 (1992).  If the party cannot demonstrate such harm, then the party has no standing
21 and the federal court has no jurisdiction over the claim.  Plaintiff has not shown an actual
22 harm or imminent particularized harm.  A state bar ruling plaintiff dislikes is not an actual
23 injury, and he alleges no facts indicating any actual injury resulting from the decision.
24 Accordingly, plaintiff's claims against the state bar and its employees are DISMISSED
25 WITH PREJUDICE.

26   Because of these deficiencies, the complaint is DISMISSED with leave to amend.
27 **<u>Plaintiff shall file an amended complaint on or before February 18, 2014.</u>**  The first

28

amended complaint must include the caption and civil case number used in this order (13-3266 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. It must also address all deficiencies discussed above. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint *all* the claims he wishes to present and *all* of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: January 9, 2014

JOSEPH C. SPERO
United States Magistrate Judge