UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>FREDERIC S. BAKER, et al.,<br><br>    Defendants. | Case No. 13-cv-03266-JCS (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

This is a civil rights action filed by a pro se state prisoner-plaintiff.[1] Plaintiff has filed an amended complaint in response to the Court's order dismissing the original complaint with leave to amend. The amended complaint fails to cure the deficiencies of the first and alleges no cognizable claims. Accordingly, this federal action is DISMISSED.

---

[1] Plaintiff has consented to magistrate judge jurisdiction. The magistrate, then, has jurisdiction to decide this motion, even though defendants have not been served or consented to magistrate jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties).

# DISCUSSION

## A. Standard of Review

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. S*ee Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

## B. Legal Claims

In the original complaint, plaintiff alleged claims against his former attorney Frederic Baker, and against employees of the California State Bar Association. After review of the original complaint, the Court dismissed the claims against Baker and the state bar <u>without</u> leave to amend. Nothing in the amended complaint justifies reviving such claims. Accordingly, to the extent that plaintiff realleges such claims in his amended complaint, they are DISMISSED with prejudice.

Plaintiff contends that he can still pursue injunctive relief against the state bar, as that sort of relief is not barred by the Eleventh Amendment. This claim is DISMISSED with prejudice. Plaintiff has not alleged facts sufficient to show that there is a great and immediate threat that he will suffer future irreparable injury for which there is no adequate remedy at law. *See Nava v. City of Dublin*, 121 F.3d 453, 458 (9th Cir. 1997), overruled

1  on other grounds by *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999), (citing
2  *Easyriders Freedom F.I.G.H.T.*, 92 F.3d at 1495-96 & n.5, 1500). His past injury is also
3  insufficient to satisfy this requirement, as is a threat of future injury to other citizens, rather
4  than to plaintiff specifically. *See id.* at 459.

### C. Motion to Withdraw Consent to Magistrate Judge Jurisdiction

Plaintiff consented to magistrate judge jurisdiction. (Docket No. 5.) In his amended complaint, he has included a form declining such jurisdiction. To the extent that this is a motion to withdraw consent, it is DENIED. A party has no right to withdraw its consent to trial before a magistrate judge. *Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987). A court has discretion to allow a party to withdraw its consent, if a party can show good cause, e.g., his consent was obtained involuntarily or through undue influence. *Id.* The Court declines to allow plaintiff to withdraw his consent, and concludes that he has not shown good cause.

### CONCLUSION

Because the amended complaint fails to cure the deficiencies of the original complaint, and fails to state any cognizable claims for relief, the action is DISMISSED with prejudice. Plaintiff's motion for an extension of time to respond to court orders (Docket No. 12) is DENIED. The Clerk shall terminate Docket No. 12.

**IT IS SO ORDERED.**

**Dated:** June 18, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>             Plaintiff,<br><br>      v.<br><br>FREDERIC S. BAKER, et al.,<br><br>             Defendants. | Case No.  13-cv-03266-JCS<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/18/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jamisi Jermaine Calloway
California State Prison-Corcoran
P.O. Box 3456
Corcoran, CA 93212-3456


Dated: 6/18/2014

                                                             Richard W. Wieking
                                                             Clerk, United States District Court

                                                             By: *Karen L. Hom*
                                                             Karen Hom, Deputy Clerk to the
                                                             Honorable JOSEPH C. SPERO